[No. 15878.    Department Two.—February 27, 1895.]

## J. K. SECORD, ADMINISTRATOR, ETC., RESPONDENT, *v.* OWEN QUIGLEY, APPELLANT.

APPEAL FROM JUDGMENT — REVIEW OF EVIDENCE. — Where an appeal is taken from the judgment alone, more than sixty days after its rendition, no question as to the sufficiency of the evidence can be considered.

QUIETING TITLE — CROSS-COMPLAINT — REFORMATION OF DECREE IN PARTITION — ESTOPPEL. — Where the defendant in an action to quiet title claims title under a wife to lands awarded in a decree in partition to the husband and wife jointly, and seeks by cross-complaint to reform the decree upon the ground of mistake and fraud, and that the decree should have awarded the lands to the wife alone, and the court finds that no fraud was practiced, and that the lands were the community property of the husband and wife, and that by mistake in the decree the land was set apart to them jointly, the cross-complainant cannot be heard to complain that the court had no power to reform the decree, nor of the fact that he was not awarded the full relief sought.

APPEAL from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinion of the court.

*Sullivan & Sullivan,* for Appellant.

The decree in partition was final and conclusive, and cannot be collaterally impeached. (1 Black on Judgments, sec. 262; *Cooley* v. *Smith,* 17 Iowa, 99; *Spencer* v. *McGonagle,* 107 Ind. 410; *Jones* v. *Coffey,* 97 N. C. 347; *Carpentier* v. *Oakland,* 30 Cal. 439; *Hobbs* v. *Duff,* 43 Cal. 485, 490; *Crim* v. *Kessing,* 89 Cal. 483, 484; 23 Am. St. Rep. 491; *Ex parte Sternes,* 77 Cal. 156, 162; 11 Am. St. Rep. 251; Freeman on Cotenancy and Partition, sec. 528; *Burroughs* v. *De Couts,* 70 Cal. 361.)

*Jackson Hatch,* and *W. A. Bowden,* for Respondent.

HENSHAW, J.—Action to quiet title, commenced by Joseph Kelly and prosecuted by the administrator of his estate, substituted upon suggestion of his death.

Defendant claims title by mesne conveyance from the wife of Kelly. In a former partition suit in which Kelly and his wife were parties plaintiff, it was adjudged by the interlocutory decree that "said Joseph Kelly and his wife Catharine Kelly are the owners of an undivided $\frac{26}{8941}$ part of said Rancho Milpitas." By the final decree was awarded to " Joseph Kelly and his wife Catharine Kelly *jointly"* the lands in controversy. Defendant, by cross-complaint, attacks these decrees, averring that Catharine Kelly was the owner of the land in fee at and during the time of the partition suit; that the final decree was mistakenly drawn, that the judge was deceived in signing it, and that both the interlocutory and final decrees " were frauds upon the rights of said Catharine." He asks for a reformation of the decree, and an adjudication in his favor as to the ownership of the land.

The appeal is from the judgment alone, and was taken more than sixty days after its rendition. No question as to the sufficiency of the evidence can be considered. (Code Civ. Proc., sec. 939, subd. 1.) The court finds that the purchase price of the land was paid out of the community funds; that Catharine Kelly never owned the fee of the whole or any part of the lands, and never had any interest therein except as a member of the community; that the interlocutory decree adjudged Joseph Kelly and Catharine Kelly to be the owners of an undivided $\frac{26}{8941}$ of the Rancho Milpitas, but that by a mistake in the final decree the land in controversy was set apart to Joseph and Catharine jointly; that no fraud was practiced or mistake made to the injury of Catharine's rights.

The single proposition advanced upon appeal is that the court had no power to reform the decree in partition. But appellant's cross-complaint was a direct proceeding asking for its reformation. The court found as

appellant pleaded that a mistake had been made, and relieved him from it.   He cannot be heard to complain of this, nor of the fact that he was not awarded the full relief sought.   (Civ. Code, secs. 3515, 3516, 3521.)   Since the evidence is not before us, it must be held that further relief was properly refused.

The judgment appealed from is affirmed.

TEMPLE, J., and McFARLAND, J., concurred.